IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
MAY SESSION, 1998

FILED

August 5, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,       )
                          )       No. 01C01-9703-CC-00095
        Appellee          )
                          )       MARSHALL COUNTY
vs.                       )
                          )       Hon. CHARLES LEE, Judge
SAMUEL L. LAMB, JR.,      )
                          )       (Sentencing)
        Appellant         )


For the Appellant:                 For the Appellee:

**James Robin McKinney, Jr.**      **John Knox Walkup**
Suite 103                          Attorney General and Reporter
214 Second Avenue North
Nashville, TN  37201               **Karen M. Yacuzzo**
                                   Assistant Attorney General
                                   Criminal Justice Division
                                   450 James Robertson Parkway
                                   Nashville, TN 37243-0493


                                   **William Michael McCown**
                                   District Attorney General

                                   **Weakley E. Barnard**
                                   Asst. District Attomey General
                                   Marshall County Courthouse
                                   Lewisburg, TN  37091



OPINION FILED: _____

AFFIRMED



**David G. Hayes**
Judge

# O P I N I O N

The appellant, Samuel L. Lamb, Jr., appeals as of right the sentencing decision of the Marshall County Circuit Court. Pursuant to a plea agreement, the appellant pled guilty to three counts of theft of property and received an effective five year sentence.[1] Following a sentencing hearing, the trial court ordered that the appellant serve 270 days of this sentence in the county jail with the balance of the sentence to be served in the community corrections program. In this appeal, the appellant contends that the trial court erred by denying full probation or placement in community corrections.

After review, we affirm.

## Background

On May 8, 1996, the appellant, age 22, and his wife, Jennifer Lamb, age 19, residents of Davidson County, accompanied by Donald Maxey, Jr. and Donna Maxey, traveled to Columbia, Tennessee, for the purpose of committing thefts. The four entered Wal-Mart, where they stole numerous electronic items, including VCRs and camcorders. After loading the stolen items into the trunk of the appellant's car, they proceeded to K-Mart where they repeated the same procedure. Later that evening, the group stopped at a local park to view the stolen merchandise. Detective David Copeland of the Lewisburg Police Department approached the four. None could produce valid identification. The detective noticed several new boxes of Magnavox VCRs in the vehicle as well as Wal-Mart and K-Mart shopping bags. Detective Copeland asked to search the vehicle and consent was given. When he asked the appellant where he had gotten the merchandise, the appellant said he

---

[1]The appellant was originally charged with four counts of theft of property.

2

had taken it from the dock at the back of the Wal-Mart store in Lewisburg.[2] Detective Copeland advised the appellant that there was no dock at the Wal-Mart in Lewisburg.

Upon further questioning at the Lewisburg Police Department, the appellant related an entirely different story. The appellant told the detective that he and his wife did not go to the stores on the night in question because they were visiting his wife's grandfather. Eventually, however, the appellant admitted that he, his wife, and the Maxeys were all equally guilty of the thefts. The appellant later pled guilty to two counts of class E theft and one count of class D theft.

At the sentencing hearing, the court heard testimony from the appellant and the officers involved in this case. The appellant testified that he was currently working for the TVA Steam Plant in Gallatin and had maintained this position for three weeks as of the date of the sentencing hearing. He admitted that he had previously been placed on probation, following a charge for burglary which was later reduced to criminal trespass. When asked if he had ever been known under another name, the appellant invoked his fifth amendment right against self-incrimination. He further stated that he dropped out of school in the tenth grade and had made no attempt to pursue his G.E.D. He testified that he was arrested for public intoxication while out on bond pending resolution of the charges in the present case. He also remarked that he was aware that his wife was on probation when the two committed these offenses. The appellant was sentenced to concurrent two year sentences for the two class E felony convictions, to run consecutive to the three year sentence imposed for the class D felony conviction. The trial court then ordered that the appellant serve 270 days of his five year sentence in the county jail followed by placement in the local community corrections program.

---

[2] A total of $2,745.66 in stolen merchandise was recovered from the vehicle.

3

**Analysis**

In this appeal, the appellant contends that the trial court failed to "give the Defendant the presumption of alternative sentencing," and improperly shifted to the appellant the burden of establishing entitlement to probation. Review by this court of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d)(1990). This presumption only applies, however, if the record demonstrates that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). We conclude that the presumption of correctness applies in this case. In making the review, this court must consider the evidence heard at trial and at sentencing, the presentence report, the arguments of counsel, the nature and characteristics of the offense, any mitigating and enhancement factors, the appellant's statements, and the appellant's potential for rehabilitation. Tenn. Code Ann. §§ 40-35-102, - (1995 Supp.), 103(5) (1990), -210(b) (1995 Supp.); see also State v. Byrd, 861 S.W.2d 377, 379 (Tenn. Crim. App. 1993) (citing Ashby, 823 S.W.2d at 168). The burden is on the appellant to show that the sentence imposed was improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

A. Alternative Sentencing

Specifically, in reference to alternative sentencing, the court held, "The court must begin its inquiry as to the appropriate sentence for Mr. Lamb with the presumption that he is entitled to alternative sentencing." Notwithstanding the presumption granted the appellant, the trial court appropriately reviewed the sentencing evidence to determine (1) whether the presumption was rebutted by "evidence to the contrary," Tenn. Code Ann. § 40-35-102(6) and (2) whether the appellant's previous criminal history and failure of past efforts at rehabilitation

4

stripped him of entitlement to the presumption. Tenn. Code Ann. § 40-35-102(5) and (6). "Convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation" are not entitled to the presumption for alternative sentencing options. Tenn. Code Ann. § 40-35-102(6). See also State v. Bingham, 910 S.W.2d 448, 453 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995) (citing State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993)). In this case, the trial court found that the State presented "evidence to the contrary," thus, rebutting the appellant's entitlement to the statutory presumption for an alternative sentence. The record supports this finding and the trial court's application of the law.

## B. Probation and Burden of Proof

Next, the appellant argues that the trial court should have granted a non-incarcerative sentence of either "straight probation" or placement in a community corrections program. In support of this position, he contends that the court erred in holding "that the burden was on the Defendant to show the Court that he was entitled to be granted probation." In State v. Bingham, 910 S.W.2d at 455-456, this court distinguished between the burden of proof for presumption of an alternative sentence and probation:

> It should be pointed out that determining whether a defendant is entitled to an alternative sentence necessarily requires a separate inquiry from that of determining whether the defendant is entitled to full probation. This is so because the inquiries involve different burdens of proof. Where a defendant is entitled to the statutory presumption of alternative sentencing, the State has the burden of overcoming the presumption with evidence to the contrary. Conversely, the defendant has the burden of establishing suitability for full probation, even if the defendant is entitled to the statutory presumption of alternative sentencing. See Tenn. Code Ann. § 40-35-303(b)(1994 Supp).[3] There is no bright line rule for determining when probation should be granted. To meet the burden of establishing suitability for full probation, the defendant must demonstrate that probation will

---

[3]This provision provides that "nothing in this chapter shall be construed as altering any provision of present statutory or case law requiring that the burden of establishing suitability for probation rests with the defendant."

5

"subserve the ends of justice and the best interest of both the public and the defendant." State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990).

In denying a sentence of total probation or community corrections, the trial court found:

> The defendant has demonstrated to the court failures of past efforts of past rehabilitation. . . . Within two years from the completion of his prior probation he is committing not one, not two but three additional felonies in two jurisdictions. Perhaps worse than that is the fact that the defendant knew that he had an accomplice with him, his wife, who was also on probation for exactly the same offense. And assisted and aided and abetted her in the commission of these felonies while she was on probation.
> . . .
>
> . . . he does not think that the officials of the court are very important persons, that it is alright to lie to them initially until it looks like they are going to pin his ears down. He does not think that having cases pending in court are very important because he goes out to commit what counsel for the defense says is a minor infraction [public intoxication]. . . . He has an unstable employment history and certainly not one that speaks well for him.

These findings are supported by the record. This issue is without merit.

Upon *de novo* review, we find that, based upon the nature and circumstances of the criminal conduct involved and because measures less restrictive than confinement have proven to be unsuccessful, imposition of 270 days incarceration in the county jail is justified. We find no error in the trial court's application of the law or its sentencing decision.

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

6

CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JERRY L. SMITH, Judge